UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NYANATI JERMAINE NEUFVILLE, <br>     Petitioner, <br><br> v. <br><br> WILLIAM BARR, in his individual capacity as the Attorney General of the United States; KEVIN MCALEENAN, in his individual capacity as Secretary of Homeland Security; DAVID D. RIVERA, in his individual capacity as New Orleans Field Office Director for U.S. Immigration and Customs Enforcement; K. HIRSH, in his individual capacity as Deportation Officer; JONATHAN HORTON, in his individual capacity as Sheriff of Etowah County Detention Center; ADAM BERGERAN, in his individual capacity as Rhode Island Field Office Director for U.S. Immigration and Customs Enforcement; JOSEPH L. GROVER, Immigration and Customs Enforcement Agent; M 4307 NELLIGAN, in his individual capacity as Supervisory Detention and Deportation Officer for U.S. Immigration and Customs Enforcement; THE DEPARTMENT OF HOMELAND SECURITY; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, <br>    Respondents. | C.A. No. 19-292-JJM-LDA <br> C.A. No. 19-348-JJM-LDA |

## ORDER

Nyanati Jermaine Neufville filed an original petition for habeas corpus (ECF No. 1) and an amended petition for habeas corpus (ECF No. 11) each under 28 U.S.C.

§ 2241. Mr. Neufville claims that his arrest by the Department of Homeland Security on January 16, 2018, based on the execution of a charging document to initiate removal proceedings, was an unlawful seizure in violation of the Fourth Amendment of the United States Constitution. ECF No. 11 at 3. Mr. Neufville subsequently filed for emergency injunctive relief with this Court requesting a stay of the order of his removal. ECF Nos. 3, 18.

The Respondents moved to dismiss Mr. Neufville's habeas petitions (ECF No. 12 and ECF No. 6 in 19-cv-00348-JJM-LDA) and oppose the request for emergency injunction relief (ECF No. 19). They claim that this Court lacks jurisdiction under the Immigration and Nationality Act (8 U.S.C. § 1101, *et. seq.*) (the "INA") to review the arrest and pending removal of Mr. Neufville. ECF No. 12 at 5-10; ECF No. 19 at 2-3. This Court agrees with the Respondents.

*Analysis*

In enacting the INA, Congress intended to "put an end to the scattershot and piecemeal nature" of removal proceedings by consolidating the review of legal and factual questions into the administrative process, with judicial review of those decisions vested exclusively in the courts of appeals. *Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 9 (1st Cir. 2007). Section 1252(b)(9) of the INA accordingly states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under

section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

Section 1252(a)(5) additionally states (emphasis added):

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this chapter, except as provided in subsection (e) [judicial review of orders of aliens arriving in the U.S. and certain other aliens who have not been admitted or paroled]. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, *the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision*, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

The First Circuit has clarified that its review of removal orders goes beyond reviewing the determination of removability but "includes all matters on which the validity of the final order is contingent." *Cano-Saldarriaga v. Holder*, 729 F.3d 25, 27 (1st Cir. 2013) (internal quotation mark omitted).

In accordance with the provisions of the INA, Mr. Neufville's ability to receive judicial review of the order of his removal (and all matters on which the validity of that order is contingent) must be sought with an appropriate court of appeals and not with this Court.[1] Because this Court lacks the jurisdiction to review the order of Mr.

---

[1] Mr. Neufville has sought judicial review in the First Circuit where his case is currently pending. *See Neufville v. Barr*, No. 18-2050. Mr. Neufville also sought a stay of the order of removal in the First Circuit, which was denied. *See Neufville v. Barr*, No. 18-2050 (Order of March 29, 2019). Mr. Neufville has further sought judicial review in the Ninth Circuit, which triggered an automatic temporary stay of

Neufville's removal, his habeas petitions must be dismissed and his requests for emergency injunctive relief denied. *See Cano-Saldarriaga*, 729 F.3d at 27.

For the reasons stated, the Respondents' Motions to Dismiss are GRANTED (ECF No. 12 and ECF No. 6 in 19-cv-00348-JJM-LDA) and Petitioner's petitions for habeas corpus (ECF Nos. 1, 11) are DISMISSED. Additionally, Petitioner's Motions for Temporary Restraining Order are DENIED (ECF Nos. 3, 18).

Mr. Neufville also filed a Motion to Strike the Respondents' Reply (pursuant to Fed. R. Civ. P. 12(f)). The Court finds this request improper under Fed. R. Civ. P. 12(f) and thus DENIES this request (ECF No. 16 and ECF No. 10 in 19-cv-00348-JJM-LDA).

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge
October 25, 2019

---

removal in accordance with the Ninth Circuit's local rules. *See Neufville v. Barr*, No. 19-72527 (Oct. 7, 2019).

4