UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NYANATI JERMAINE NEUFVILLE,<br>    Plaintiff,<br><br>v.<br><br>WILLIAM BARR, in his individual capacity as the Attorney General of the United States; KEVIN MCALEENAN, in his individual capacity as Secretary of Homeland Security; DAVID D. RIVERA, in his individual capacity as New Orleans Field Office Director for U.S. Immigration and Customs Enforcement; K. HIRSH, in his individual capacity as Deportation Officer; JONATHAN HORTON, in his individual capacity as Sheriff of Etowah County Detention Center; ADAM BERGERAN, in his individual capacity as Rhode Island Field Office Director for U.S. Immigration and Customs Enforcement; JOSEPH L. GROVER, Immigration and Customs Enforcement Agent; M 4307 NELLIGAN, in his individual capacity as Supervisory Detention and Deportation Officer for U.S. Immigration and Customs Enforcement; THE DEPARTMENT OF HOMELAND SECURITY; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>    Defendants. | C.A. No. 19-348-JJM-LDA |

## ORDER

Nyanati Jermaine Neufville filed a complaint seeking damages and declaratory relief for his arrest and detention by the Department of Homeland

Security. *See* ECF No. 1 at 7-20. In his complaint, Mr. Neufville alleges that he experienced unconstitutional conditions of confinement following an unlawful seizure and was deprived the ability to properly litigate his appeal before the Board of Immigration Appeals ("BIA"). *Id.*

The Defendants moved to dismiss the complaint, citing improper venue, lack of subject-matter jurisdiction, and for failing to state a claim upon which relief can be granted. *See* ECF No. 8. Mr. Neufville did not respond to the Defendants' motion to dismiss but has moved for an extension of time (ECF No. 13). This is Mr. Neufville's second request for an extension of time. *See* ECF No. 11 and ECF No. 13. His first request was granted by the Court (*see* Text Order Granting Motion for Extension of Time to File (Entered Sept. 9, 2019)), but Mr. Neufville failed to respond by the due date.

Because the Court finds that venue is improper in the District of Rhode Island, the Court GRANTS the Defendants motion to dismiss (ECF No. 8) without prejudice and DENIES Mr. Neufville's motion for an extension of time (ECF No. 13).

*Analysis*

Venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

2

In his complaint, Mr. Neufville asserts that venue is proper in the District of Rhode Island pursuant to 28 U.S.C. § 1391(b)(2) "because the claims in [his] complaint originated, within the territorial boarders of the [District of Rhode Island]." ECF No. 1 at 5. In their motion to dismiss, the Defendants note that, although Mr. Neufville was arrested in Rhode Island, Mr. Neufville has never been confined (pursuant to immigration proceedings) in the District of Rhode Island.[1] ECF No. 8 at 7-8. Thus, Mr. Neufville's allegations of unconstitutional conditions of confinement and the deprivation of an ability to properly litigate his BIA appeal did not occur within the District of Rhode Island. *See* ECF No. 1 at ¶¶ 41-47.

In reviewing venue under subsection (b)(2) of 28 U.S.C. § 1391, the Court must question whether the District of Rhode Island is "a judicial district in which a substantial part of the events ... giving rise to the claim occurred." *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 11–12 (1st Cir. 2009) (quoting 28 U.S.C. § 1391(b)(2)). For this analysis, the Court must look "not to a single triggering event prompting the action, but to the entire sequence of events underlying the claim." *Id.* (quoting *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir.2001) (internal quotation marks omitted)). This requires the Court to take a "holistic view" of the alleged claims in a complaint. *Id.* at 12.

---

[1] Mr. Neufville was originally detained at the Bristol County Sherriff Office in Massachusetts and then transferred to (i) the Suffolk County Detention Center in Massachusetts; (ii) Strafford County Detention Center in Strafford, New Hampshire; (iii) the Lasalle Detention Center in Jena, Louisiana; and (iv) the Etowah County Detention Center in Gadsden Alabama, where he currently resides. ECF No. 1 at ¶¶ 41-47.

In reviewing the complaint holistically, the Court finds that the only event that transpired in the District of Rhode Island, Mr. Neufville's arrest, was insubstantial in relation to the totality of claims that Mr. Neuville alleges, which occurred in detention centers outside of the District of Rhode Island. Venue for this action is thus not proper in the District of Rhode Island under 28 U.S.C. § 1391(b)(2).[2] The Court accordingly grants the Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). This motion to dismiss is granted without prejudice to allow Mr. Neufville to file a complaint in a proper venue.

For the reasons stated, the Defendants' Motion to Dismiss is GRANTED (ECF No. 8) without prejudice and the Plaintiff's Motion for an Extension of Time is DENIED (ECF No. 13).

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge
October 25, 2019

---

[2] Venue for this action is also not proper in the District of Rhode Island under subsections (1) or (3) of 28 U.S.C. § 1391(b) as no Defendant resides in the District of Rhode Island and there are other districts where Mr. Neufville may bring this action.